Rush PETTWAY, et al., Plaintiffs,

and

Equal Employment Opportunity Commission, Movant-Appellant,

v.

AMERICAN CAST IRON PIPE COMPANY, a Corporation, Defendant-Appellee.

No. 81–7741.

United States Court of Appeals, Eleventh Circuit.

July 15, 1982.

Marcia B. Ruskin, E. E. O. C., Washington, D. C., for movant-appellant.

Robert L. Wiggins, Jr., Birmingham, Ala., amicus curiae, for plaintiffs.

Thomas, Taliaferro, Forman, Burr & Murray, J. Fredric Ingram, Joseph W. Letzer, F. A. Flowers, III, Frank Davis, Birmingham, Ala., for defendant-appellee.

Before TUTTLE, RONEY and CLARK, Circuit Judges.

TUTTLE, Circuit Judge:

This is a companion case to *Rush Pettway, et al. v. American Cast Iron Pipe Co.*, Nos. 81–7605 and 81–7689, combined for oral argument and decided today. For a more detailed statement of the history of the proceedings which anteceded the order which is here appealed from, see those two cases, 681 F.2d 1259 (11th Cir. 1982).

In June of 1981, the Equal Employment Opportunity Commission served notice on the parties that it would be represented at the next motions hearing in this case and that "the Commission plans to actively participate in the relief stage of this case." ACIPCO filed a motion on June 27, 1981, to disallow the appearance and participation of EEOC, stating in effect that it could not "appear" or "actively participate" without having filed a motion to intervene. Further, it contended that such a motion to intervene would not be timely even if filed.

The district court instructed the Commission to file a motion to intervene, which it did on June 22, 1981. The motion included a certification to the court by the acting general counsel that "the Commission had determined this action to be of general public importance in accordance with section 706(f)(1) of Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–5(f)(1)."

At a hearing held on July 22, 1981, the Commission argued that it was still a party, since it had intervened early in the proceedings and had never formally withdrawn. There is no dispute but that the EEOC filed a motion for leave to intervene in this proceeding under Rule 24(b) Fed.R.Civ.P. on September 8, 1966 and the court granted the motion. From that time until the most current docket sheet presented to us there appears immediately following the name of the named plaintiffs the following entry: "United States Equal Employment Opportunity Commission, by the Attorney General of the United States—intervening plaintiff." Following the trial court's dismissal of the suit on the motion of the defendant on the ground that the case was due to be dismissed for failure of the Commission to conciliate charges of discrimination, the EEOC successfully appealed to this Court, which reversed and remanded for the reinstatement of the suit. Thereafter, it appears that the EEOC did not participate actively in many of the proceedings until it became apparent that the trial court intended to refer the back pay issue to a special master to be decided by him on an individual-by-individual basis, involving some 1200 separate lawsuits. Thereupon, counsel for the Commission sent a letter to the Court stating: "On Friday, May 8, 1981, I will be appearing for the United States Equal Employment Opportunity Commission in the above referenced case. The Commission plans to actively participate in the relief stages of this case." Thereupon, the defendant filed its "motion to disallow appearance and participation of Equal Employment Opportunity Commission in this litigation." The defendant contended that the Commission was no longer a party to the litigation and that the "government, having withdrawn in this case previously, must now proceed through a motion to intervene in order to 'appear' or 'actively participate' in the relief stage of this case." The trial court sustained this motion and when the Commission filed its petition to intervene, the trial court overruled the petition, stating that it came too late in the proceedings.

The defendant's contention that the EEOC is no longer a party to the litigation is based upon its statement that the docket sheet concerning this case noted on June 1, 1971: "U.S. Attorney's office called and said government is no longer interested in this case." The defendant attached a copy of the docket sheet to support this statement. The defendant further stated: "At this time the Equal Employment Opportunity Commission was stricken from the docket sheet as a party to the proceedings." Reference to the same copy of the docket sheet shows that this is not correct. The Equal Employment Opportunity Commission is still shown as "intervening Plff."

It is true that under the list of attorneys on the first page of the attached docket sheet a line is drawn through the names, Charles T. Duncan, General Counsel, EEOC, the local United States Attorney and three lawyers for the Justice Department in Washington. Directly under the heading "attorneys", however, the following language appears: "See attached sheet for add. attys." On the additional sheet there appear the names of four attorneys, beginning with Stanley P. Hebert, General Counsel, and John de J. Pemberton, Deputy General Counsel, and two other attorneys of the Equal Employment Opportunity Commission, 1800 G St., N.W., Washington, D. C. 20006. These names still appear on the docket sheet submitted by the defendant in support of its motion.

The record discloses that within three days of the notice from the U.S. Attorney's office that the "government" was no longer interested in this case, W. L. Williams, Jr., Field Attorney of the EEOC in Birmingham, filed a letter with the clerk's office as follows:

Dear Mr. Davis: [Clerk, U.S. District Court]

Re: Pettway et al v. Acipco
Civil Action No. 66–315S

Will you please enter my appearance as Counsel of Record for the United States Equal Employment Opportunity Commission in the above styled matter.

Along with my name will you please include the names of the following:

Stanley P. Hebert
General Counsel
John de J. Pemberton
Deputy General Counsel
David A. Zugschwerdt
Chief Trial Section
John F. Goemaat
Attorney
Equal Employment Opportunity Commission
1800 G Street, N.W.
Washington, D. C. 20006

Thank you for your cooperation in this matter.

Yours truly,
s/ W. L. Williams, Jr.
Field Attorney

WLW/bo
cc: Oscar W. Adams
    Plaintiff Attorney
    Thomas, Taliaferro, Forman,
    Burr & Murray
    Defendant Attorney
    David Zugschwerdt

It seems passing strange to us that no one was able to persuade the trial court of what so obviously happened in connection with this intervention. At some time that has not been made apparent to us the handling of EEOC claims was transferred from the Justice Department to the Commission itself. This apparently came to the attention of the United States attorney in Birmingham on about June 1, 1971, whereupon he notified the district court clerk's office that he was no longer interested in the case, doubtless knowing full well that within a day or two the Commission would notify the clerk of the names of new counsel representing the Commission as intervenors. This, of course, is what happened.

The time and expense to the parties in straightening out this "tempest in a teapot" demonstrates the wisdom of the Supreme Court in adopting Rule 41, Fed.R.Civ.P. which provides for the dismissal of a complaint by a plaintiff or upon motion of a defendant. Here, since there was no motion by the defendant to dismiss the intervening complainant, Rule 41(a)(2) applies:

By order of court. Except as provided in paragraph 1 (voluntary dismissal before answer is filed) of this subdivision of this Rule, an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper....

Here, there was no order of the court. The clerk, apparently taking the word "government" as also including the EEOC, although it immediately appeared as an actor in its own behalf, merely entered on the docket a statement: "U.S. Attorney's office called and said government is no longer interested in this case." The docket sheet as we have it before us, without indicating any other dates, shows that the Equal Employment Opportunity Commission is still a party intervenor and shows counsel representing the Commission as additional attorneys.

We are forced to conclude that the Commission has always been an intervenor in the case, and it was therefore not necessary for it to file a petition to intervene in 1981 in order to assist the plaintiffs in presenting their claims for back pay. The application for permission to intervene, entered on the order of the court, and the court's order overruling the motion are both nullities.

The order denying the motion of the EEOC to intervene, which effectively denied the EEOC an opportunity to participate as a party in the litigation is VACATED and the case is REMANDED for further proceedings not inconsistent with this opinion.

The mandate shall issue forthwith.